UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                          )
                                                )
RV COLLISION AND                                )   Case No: 17- 01590
RESTORATION, LLC                                )   Federal Tax I.D. 35-2344816
                                                )   **EMERGENCY HEARING**
                                                )   **REQUESTED**
            Debtor.                             )
_____             )

### EMERGENCY MOTION FOR AUTHORITY TO USE
### CASH COLLATERAL AND REQUEST FOR EMERGENCY HEARING

The debtor, RV COLLISION AND RESTORATION, LLC, by and through its undersigned attorney, pursuant to 11 U.S.C. §363(c)(2) and F.R.B.P. 4001 (b), hereby files this emergency motion for authority to use and determine the extent of and use of cash collateral, and, as grounds therefore, alleges as follows:

### REQUEST FOR EMERGENCY PRELIMINARY HEARING

1. Pursuant to Local Bankruptcy Rule 9004-2 the debtor requests that this motion be heard at the earliest date convenient to the court.

2. The debtor estimates that a hearing of this motion will take approximately thirty (30) minutes.

3. This case was commenced by the filing of a voluntary petition under Chapter 11 of the Bankruptcy Code on March 13, 2017.

4. Debtor is acting as Debtor-in-Possession with no trustee having been appointed.

5. This court has jurisdiction based on the provisions of 28 U.S.C. §1334, and 11 U.S.C §363.

6. Debtor owns and operates a recreational vehicle sales, service, collision repair, and restoration business, which is managed by Sergio Salinas, and his brother, Armando Salinas,

and which is located at 17736 US Highway 27 North, Clermont, FL 34715. The debtor has a business relationship with RV Collision and Restoration of Bushnell, Inc., ("Bushnell") and are both owned 100% by Sergio Salinas. The debtor derives its income primarily from repair and restoration work it performs for Bushnell on RV units and consignment units purchased by Bushnell and re-sold by Bushnell. Until recently, Bushnell was able to buy, sell, and repair and restore units by use of funding from a floor plan agreement that Bushnell has with creditor, NextGear Capital, an Indiana company. The debtor also derives income from repair work paid for by insurance carriers for post-collision or otherwise damaged RVs. The debtor also derives rental income from RV storage on site.

7. The debtor employs nine (9) independent contractors whose livelihoods depend on the continued operation of the business.

8. The debtor is authorized to operate its business pursuant to 11 U.S.C. §1108.

9. The debtor's business was operating for eight (8) years prior to the filing of the petition and continues to operate at this time.

10. The debtor furnishes parts and labor for Bushnell on units and awaits payment from Bushnell for the work performed. In some instances payments arrive a considerable amount of time after invoicing because Bushnell can not pay debtor until a sufficient number of sales occur.

11. On Friday, March 17, 2017, the debtor anticipates a payroll expense due in the amount of $20,626.67.

12. Additionally, the debtor has several orders for parts to complete repairs on customer's vehicles, the sum total of which is approximately $26,300.00 over the next thirty days.

13. The debtor also has anticipated rent due to the landlord in the amount of $5,000.00 due the first of the month.

14. The debtor has anticipated insurance premiums due on March 23, 2017 in the amount of $5,800.00.

15. The debtor has no other resources from which it can satisfy these obligations other than the revenue which it expects to receive from its operation, sales and service offered to the general public, and regular rental receipts for RV storage.

16. The debtor moves this court to authorize the use of cash collateral.

17. The debtor projects rough estimate cash revenues totaling approximately $57,800.00 for the next thirty (30) days and rough estimate expenses to be approximately $57,726.67 for the next thirty (30) days.

18. The debtor requires the use of the proceeds from the operation of its business in order to continue and maintain the operation of its business. The debtor believes that its business can be operated on a profitable basis.

19. If the debtor cannot use the funds collected from the operation of the business, it will be forced to lay off all of its revenue producing employees and close the business. The entire going concern value of the debtor's business, including uncollected accounts receivable will be lost and the possibility of reorganization effectively eliminated.

WHEREFORE, the debtor requests that this court authorize it to use the proceeds generated from the operation of its business with no adequate protection payment to be made to any creditor at this time on a preliminary tentative basis pending further determination of this court.

DATED: March 13, 2017.

_____
Tyler S. Van Voorhees, Esquire
Tyler S. Van Voorhees Law, LLC
300 East Highway 50
Clermont, FL 34711
Email: tyler@wmrlegal.com
Telephone: (352) 394-1194
Facsimile: (352) 242-3886
Florida Bar Number: 64502
Attorney for Debtor-in-Possession

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic mail this 13 day of March, 2017 to those listed on the attached matrix; and the U.S. Trustee's Office, 400 West Washington Street, Suite 1100, Orlando, FL 32801.

_____
Tyler S. Van Voorhees
Florida Bar No: 64502

4